UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS S. BURRELL; THOMASINE MARTIN; HENRY BURRELL; SHIRLEY ANN BURRELL; NAOMI KNIGHT; JANICE BURRELL-THORNTON; and TERESA LANIER,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>　　　　　　　　Defendant. | NO: 2:21-CV-0324-TOR<br><br>ORDER OF DISMISSAL |

On November 17, 2021, a Complaint was filed in this case. ECF No. 1. A Summons was issued for Plaintiff the same day. ECF No. 2. On December 22, 2021, *pro se* Plaintiff Thomas S. Burrell filed a letter with evidence of attempted service on the Department of Labor at "London, Kentucky". ECF No. 3. Plaintiff Thomas S. Burrell has filed two more letters with the Court. ECF Nos. 4, 5.

The Complaint is only signed by Thomas S. Burrell. Federal Rule of Civil

ORDER OF DISMISSAL ~ 1

1  Procedure Rule 11(a) requires every party to sign every pleading. None of the
2  other purported Plaintiffs have signed the Complaint. According to Rule 11(a), the
3  Court must strike any unsigned pleading unless the omission is promptly corrected
4  after being called to the party's attention.

5  According to Federal Rule of Civil Procedure Rule 4(j)(2), in order to serve
6  a United States agency the Plaintiff must serve the United States: (1) by serving the
7  United States Attorney for the district where the action is brought; (2) sending by
8  registered or certified mail to the Attorney General of the United States at
9  Washington, D.C.; and (3) sending by registered or certified mail to the agency.
10 Plaintiff has not shown compliance with Rule 4(j)(2).

11 According to Federal Rule of Civil Procedure Rule 4(m), the Plaintiff must
12 serve the Summons and Complaint on the Defendant within 90 days after the
13 complaint is filed or suffer dismissal. Specifically, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

17 Because of this strict requirement, the Local Civil Rules for this District
18 provide that "plaintiff shall promptly file proof of service of the summons and
19 complaint with the Clerk of Court after service has been accomplished." LCivR
20 4(l). Plaintiff has not complied with Local Civil Rule 4(l).

ORDER OF DISMISSAL ~ 2

1       While this Court has jurisdiction over civil tort suits against the United

2 States government, 28 U.S.C. § 1346(b), there is a requirement that an

3 administrative claim be made to the agency before suit can be filed. 28 U.S.C.

4 § 2675. Further, a tort claim against the United States is forever barred unless it is

5 presented in writing to the agency within two years after such claim accrues or

6 unless the suit is begun within six months after the date of mailing, by certified or

7 registered mail, of notice of final denial of the claim by the agency to which it was

8 presented. 28 U.S.C. § 2401(b).

9       On February 18, 2022, this Court entered an Order to Show Cause as to why

10 this case should not be dismissed for: (1) failure to properly sign the Complaint;

11 (2) failure to properly serve the Defendant; (3) failure to timely serve the Summons

12 and Complaint upon the United States; and (4) failure to timely exhaust

13 administrative remedies prior to filing suit.

14       On March 18, 2022, Plaintiffs filed a Response to the Order to Show Cause.

15 Specifically, Plaintiff Thomas S. Burrell contends that it was his error that the

16 other Plaintiffs did not sign the Complaint. However, the Complaint has still not

17 been signed by all Plaintiffs, requiring dismissal of those plaintiffs that did not sign

18 the Complaint.

19       Plaintiff Thomas S. Burrell contends that he tried to file suit in the Western

20 District of Washington, but untimely filed here in the Eastern District of

ORDER OF DISMISSAL ~ 3

Washington. The statute of limitations expired and the Complaint was not filed on time, requiring dismissal.

Plaintiff Thomas S. Burrell contends that it was his fault that the Defendant and the United States were not properly served. Service has still not been properly accomplished, also requiring dismissal.

Plaintiff Thomas S. Burrell contends that they timely exhausted administrative remedies by filing a claim on April 15, 2020, and receiving a final denial on August 17, 2020. The administrative claim was filed pursuant to 42 U.S.C. § 7384 et seq., the Energy Employees Occupational Illness Compensation Program Act of 2000 (EEOICPA), not the Federal Tort Claims Act. As such, the EEOICPA only allows certain compensation to surviving spouses, children, parents, grandparents or grandchildren of the deceased. Brothers and sisters of the deceased do not qualify for benefits. Additionally, it appears that suit was filed beyond the statute of limitations after the final administrative denial was received. *See Lahndorff v. U.S. Dept. of Labor*, 289 F.Supp.3d 826 (W.D. Ky. 2017) (judicial review of EEOICPA decision must be filed within 60-days after the date on which the final decision was issued). This also requires dismissal.

Accordingly, **IT IS HEREBY ORDERED:**

This case is **DISMISSED with prejudice** for the reasons stated above.

The Clerk of Court shall change Plaintiff Teresa Lanier's zip code to 36693.

ORDER OF DISMISSAL ~ 4

1  The District Court Executive is hereby directed to enter this Order and
2  Judgment accordingly, furnish a copy to each named Plaintiff, and **CLOSE** the
3  file.
4  DATED March 22, 2022.



THOMAS O. RICE
United States District Judge